Griffith, J.
The ultimate question in this case is whether,• where an answer by way of general denial is filed by a wife in an action brought by her husband for divorce in a foreign jurisdiction, an action for alimony, brought by the wife in her domicile against the husband, survives the adjudication made in the domicile of the husband, whereby he was granted a divorce from his wife.
This question was touched upon by this court in 1954 in the case of Armstrong v. Armstrong, 162 Ohio St., 406, the syllabus of which reads:
“1. A divorce decree obtained against a nonresident defendant solely upon service by publication, where such service is authorized in the state granting the divorce, is entitled, under Section 1, Article IV of the Constitution of the United States, to full faith and credit elsewhere, providing such service meets the requirements of due process and the plaintiff at the time of *320 instituting the divorce proceeding was legally domiciled in the state granting the divorce.
‘ ‘ 2. Such a divorce decree in favor of a husband, based solely on service by publication on the wife residing in another state, does not, as to a denial of alimony therein, operate extraterritorially and is not entitled to full faith and credit in such other state.”
In the opinion by Zimmerman, J., at page 410, it is stated:
“But may a divorce decree secured by a husband even in the so-called matrimonial domicile, where service of summons on the wife, then residing in another state, has been by publication only, deny the wife any right to alimony, so that such denial must be recognized as conclusive in another jurisdiction? We do not think so.
“We would approve the rule that such a decree as it concerns the denial of alimony to the wife is not entitled to full faith and credit in another state. A decree of that kind is one in personam and requires either an appearance by, or lawful personal service on, the wife, in order to have extraterritorial effect.”
The distinguishing fact in the Armstrong case was that the nonresident wife made no appearance in the Florida divorce action. In the instant case, the filing of an answer in the Florida court by Mrs. Wood, without any reservations, constituted a general appearance therein, whereby she submitted her person to the jurisdiction of the court. Gorey v. Black, 100 Ohio St., 73; Russell v. Brake, 164 Ohio St., 520. This rule as to a general appearance being made by filing an answer obtains in Florida also. 3 Florida Jurisprudence, 8, Appearances, Section 10; and 10 Florida Jurisprudence, 491, Divorce, Separation and Annulment, Section 80.
Our conclusion is that, where a wife, who is sued for divorce by her husband in another state where he has a bona fide domicile, service of process being made by publication upon her, files an answer to the petition of the husband, she thereby enters her general appearance in such foreign court and submits her person to the jurisdiction of that court.
The decree of the Florida court will be accorded full faith and credit by the courts of this state.
*321 Such wife, after the decree of divorce to her husband, she not asking in that action for alimony, cannot thereafter in Ohio, the state of her domicile, maintain an action for alimony against the husband. See Bentz v. Bentz (1961), 171 Ohio St., 535, 539, 540.
Consequently, we are in agreement with the judgment of the Court of Common Pleas and likewise with the judgment of the Court of Appeals in its affirmance.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taet, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gtbson, JJ., concur.